IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | |
| Plaintiff, | CIVIL ACTION NO. 3:11cv647 |
| v. | C O M P L A I N T |
| FAMILY DOLLAR STORES OF VIRGINIA, INC. | JURY TRIAL DEMAND |
| Defendant. | |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title 1 of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of sex, and to provide appropriate relief to Chanele Brown who was adversely affected by such practices. Plaintiff, the U.S. Equal Employment Opportunity Commission alleges that defendant Family Dollar Services, Inc., discriminated against Chanele Brown by subjecting her to a sexually hostile work environment because of her sex, female resulting in her constructive discharge.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. "§ 2000e-5(f)(1) and (3) ("Title VII") and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Eastern District of Virginia.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4. At all relevant times, Defendant has continuously been a Virginia corporation doing business in the state of Virginia and is a subsidiary of Family Dollar Stores, Inc. a Delaware corporation, and the city of Richmond, and has continuously had at least 15 employees.

5. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## STATEMENT OF CLAIMS

6. More than thirty days prior to the institution of this lawsuit, Chanele Brown filed a charge with the Commission alleging violations of Title VII by Defendant Family Dollar Services, Inc. All conditions precedent to the institution of this lawsuit have been fulfilled.

7. From around August 18, 2009 until around September 5, 2009, Defendant engaged in unlawful employment practices at its store # 5701 location in Richmond, Virginia, in violation of Section 703(a)(1) of Title VII, 42 U.S.C. § 2000e-2(a)(1), as set forth below:

   a. Brown was hired as a Customer Services Representative on or about August 18, 2009. Beginning shortly after her hire and continuing until her resignation on or about September 5, 2009 Defendant subjected Brown to sexual harassment that created a sexually hostile work environment based on her sex, female. The harassment was

2

manager was Brown's direct supervisor.

  b. The harassment was severe in that it included both unwelcome requests for sex and unwelcome sexual touching. The sexual harassment included but was not limited to such things as the store manager reaching into the front pocket of Brown's pants and groping her vaginal area; touching Brown's buttocks with his penis; brushing his hand across Brown's breasts; and pressing Brown's back up against a wall and pushing his penis against the front of Brown's body, while suggesting that she would have to engage in sex acts if she wanted to be a supervisor. The unwelcome sexual conduct by the store manager toward Brown was pervasive in that it occurred three to four times per week throughout the time period Brown was employed with Defendant.

  c. Brown was uncomfortable with the store manager's sexual comments and conduct and she asked him to stop it. The store manager responded to Brown's complaint by yelling at her. Despite Brown's complaint, the store manager continued to subject Brown to offensive comments and touching.

  d. On or about September 4, 2009 the store manager informed Brown that he had cut her hours for the week from five shifts to two shifts. He told Brown that he would give Brown back the three shifts he had removed if she allowed him to come to her house the next morning before her work shift started. When Brown asked the store manager why he wanted to come to her house, the store manager responded something like "don't play dumb." Brown understood the store manager to be propositioning her for sex. Brown refused the store manager's request. The next morning the store manager called Brown on the telephone and said that he was up the street from her house and that he was on his way to her house. Brown told the store manager that she did not want him to come over to her house and hung up on him. Brown immediately contacted the

assistant store manager at the store where she worked and advised him that she quit her job. Brown quit her job because of the ongoing sexual harassment by the store manager. Brown had no knowledge of any policy or procedure that Defendant might have had in place for reporting sexual harassment.

8. The effect of the practices complained of above has been to deprive Brown of equal employment opportunities and otherwise adversely affect her status as an employee because of her sex, female.

9. The unlawful employment practices complained of above were intentional.

10. The unlawful employment practices complained of above were done with malice or with reckless indifference to the federally protected rights of Chanele Brown.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them, from creating or maintaining a sexually hostile work environment or any other employment practice which discriminates on the basis of sex, female.

B. Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for women, and which eradicate the effects of its past and present unlawful employment practices.

C. Order Defendant to make Brown whole, by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to reinstatement or front pay.

D. Order Defendant to make Brown whole, by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described above, in amounts to be determined at trial.

E. Order Defendant to make Brown whole by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of above, including past and future emotional pain and suffering, humiliation, embarrassment, anxiety, inconvenience, loss of enjoyment of life, loss of self-esteem and loss of civil rights, in amounts to be determined at trial.

F. Order Defendant to pay Brown punitive damages for its malicious and reckless conduct described above, in amounts to be determined at trial.

G. Grant such further relief as the Court deems necessary and proper in the public interest.

H. Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

DATED this the 29th day of September, 2011.

Respectfully submitted,

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

P. DAVID LOPEZ
General Counsel

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

LYNETTE A. BARNES
Regional Attorney
Charlotte District Office
129 W. Trade Street, Suite 400
Charlotte, NC 28202

TRACY HUDSON SPICER
Supervisory Trial Attorney
131 M Street, N.E.
Washington, D.C. 20507

_____
SUZANNE L. NYFELER
VA Bar No. 40450
Senior Trial Attorney
Richmond Local Office
830 East Main Street
Suite 600
Richmond, Virginia 23219
Telephone: (804) 771-2215
Fax: (804) 771-2222
suzanne.nyfeler@eeoc.gov

**ATTORNEYS FOR PLAINTIFF**